**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LEOTIS WILLIAMS,

    Petitioner,

vs.                                    Case No.:    3:14-cv-1279-J-34JRK
                                                                                  3:13-cr-6-J-34JRK

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

    This case is before the Court on Petitioner Leotis Williams's Request for "Attorney Work Product," which the Court construes as a motion for discovery. (Doc. 11, Motion for Discovery). Petitioner requests "[a]ny and all information that Alvin Williams[1] was involved in petitioners [sic] case, police report, arrest report or any other document that will impeach said witness" that is in the file of Petitioner's trial counsel. Id. at 2.

    A habeas petitioner is not entitled to discovery as a matter of course. Arthur v. Allen, 459 F.3d 1310, 1310 (11th Cir. 2006) (quoting Bracy v. Gramley, 520 U.S. 899, 904 (1997)). Rather, Under Rule 6(a) of the Rules Governing Section 2255 Proceedings, the Court may allow discovery only for good cause. To show "good cause," the requesting party "must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents." Id. at Rule 6(b). For discovery to be warranted, the movant should set forth specific allegations that give the Court reason to believe that, if the facts are fully developed, the

---

[1]     Alvin Williams was a witness for the United States at Petitioner's trial.

1

movant will be entitled to relief. See Arthur, 459 F.3d at 1310-11 (quoting Bracy, 520 U.S. at 908-09). "Thus, good cause for discovery cannot arise from mere speculation." Id. at 1311.

Petitioner is not entitled to discovery at this time. First, the Court has not yet determined whether Petitioner's Motion to Vacate (Doc. 1) even warrants an evidentiary hearing. That is to say, the Court has not yet determined whether Petitioner's claims are sufficiently alleged or if the record affirmatively refutes them. See Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (a court may deny a prisoner's § 2255 motion without an evidentiary hearing only if his or her claims are patently frivolous, or if the record affirmatively contradicts the claims). Second, Petitioner's request is overbroad. Petitioner generally seeks "[a]ny and all information that Alvin Williams was involved in petitioners [sic] case," including police reports and arrest reports, but also "any other document that will impeach said witness." Motion at 2. Petitioner "must specify any requested documents," Rule 6(b), Rules Governing Section 2255 Proceedings, but his request for "any and all information that Alvin Williams was involved" in his case does not do that. Third, Petitioner has not demonstrated good cause for discovery. Petitioner does not explain what he expects discovery to disclose, or how it relates to any of the claims he advances in his Motion to Vacate. (See Doc. 1).[2]

Accordingly, it is hereby

**ORDERED:**

---

[2] Indeed, while Petitioner raises claims concerning subject matter jurisdiction, ineffective assistance of counsel, violations of Brady v. Maryland, 373 U.S. 83 (1963), and actual innocence, the claims are so conclusory that it is hard to discern how the discovery request would advance any of them, given the lack of factual content or specificity.

1. Petitioner Leotis Williams's Request for Attorney Work Product, construed as a Motion for Discovery (Doc. 11), is **DENIED WITHOUT PREJUDICE**.

2. Petitioner may move again for discovery by identifying the specific documents he seeks and why he requires them to advance the claims set forth in the Motion to Vacate, or if the Court grants an evidentiary hearing.

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of August, 2016.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

Lc 19

Copies:

Counsel of record
Pro se petitioner