UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LEOTIS WILLIAMS,

    Petitioner,

vs.　　　　　　　　　　　　　　　　　　Case No.:　　3:14-cv-1279-J-34JRK
　　　　　　　　　　　　　　　　　　　　　　　　　　　　3:13-cr-6-J-34JRK

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

    This case is before the Court on Petitioner Leotis Williams's Motion for Discovery (Doc. 16) and the United States' response thereto (Doc. 20).  Petitioner requests documents – specifically, an arrest warrant and a police report – pertaining to Alvin Williams, a confidential informant who testified against Petitioner at trial.  Petitioner suggests that his trial counsel, Charles Truncale, was ineffective in failing to obtain all available records regarding Alvin Williams's dealings with law enforcement, and that the government withheld exculpatory evidence concerning Alvin Williams.  (See Doc. 16 at 2-4).  These issues were explored during an hour-long status-of-counsel conference in the underlying criminal case after Petitioner sought to replace Mr. Truncale (his fourth attorney).  (See Doc. 4-1).

    A habeas petitioner is not entitled to discovery as a matter of course.  Arthur v. Allen, 459 F.3d 1310, 1310 (11th Cir. 2006) (quoting Bracy v. Gramley, 520 U.S. 899, 904 (1997)).  Rather, Under Rule 6(a) of the Rules Governing Section 2255 Proceedings, the Court may allow discovery only for good cause.  To show "good cause," the requesting

party "must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents." Id. at Rule 6(b). For discovery to be warranted, the movant must set forth specific allegations that give the Court reason to believe that, if the facts are fully developed, the movant will be entitled to relief. See Arthur, 459 F.3d at 1310-11 (quoting Bracy, 520 U.S. at 908-09). "Thus, good cause for discovery cannot arise from mere speculation." Id. at 1311.

Petitioner is not entitled to discovery at this time. First, the Court has not yet determined whether Petitioner's Motion to Vacate (Doc. 1) warrants an evidentiary hearing. That is to say, the Court has not yet determined whether Petitioner's claims are sufficiently alleged or if the record affirmatively refutes them. See Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (a court may deny a prisoner's § 2255 motion without an evidentiary hearing only if his or her claims are patently frivolous, or if the record affirmatively contradicts the claims). If the Court later determines that Petitioner's allegations are sufficiently alleged and not refuted by the record, such that an evidentiary hearing is warranted, discovery may be appropriate at that time to enable Petitioner to put forth evidence in support of his case.

Second, although Petitioner has specified the documents he seeks, good cause for discovery does not exist. Petitioner appears to rehash issues that were thoroughly discussed in the underlying criminal case during a status-of-counsel conference dated January 7, 2014. (Doc. 4-1). One of the issues explored at the conference was whether Mr. Truncale performed inadequately "by not informing the trial judge [that] the prosecutor

was in violation of the Brady[1] rule by withholding legal papers that [were] needed in [Petitioner's] defense." (Id. at 8-9). Specifically, the "legal papers" Petitioner was concerned about were records pertaining to law enforcement's use of Alvin Williams as a confidential informant. (Id. at 9-11, 14-19). The record reflects that counsel sought all records pertaining to Alvin Williams, that the government provided all such records in its possession, and that counsel used the available records to "severely" impeach Alvin Williams. (See id. at 9-12, 21-25, 31-34). The Court observed that it was "obvious Mr. Truncale asked for [Alvin Williams's records] and made the request and demand," and that "according to [the Assistant United States Attorney], everything that she and Mr. Bowen[2] had were provided to the defendant." (Id. at 35). At the end of the conference, Petitioner stated that he wished to withdraw his motion to replace Mr. Truncale. (Id. at 39-40).

Thus, contrary to Petitioner's allegation that he requires discovery because Mr. Truncale failed to uncover evidence about Alvin Williams and that the government withheld exculpatory information, the record suggests otherwise. The Court agrees with the United States that any allegation that additional records exist is speculative, and that Petitioner "has failed to demonstrate that there is good cause to grant him his requested relief." (Doc. 20 at 4-5). See also Arthur, 459 F.3d at 1310-11 (to be entitled to discovery, a petitioner must set forth specific allegations that give the court reason to believe that, if the facts are fully developed, he will be entitled to relief).

---

1   Brady v. Maryland, 373 U.S. 83 (1963).

2   Detective Mac Bowen was one of the law enforcement officers who investigated Petitioner. Detective Bowen also oversaw Alvin Williams' performance as a confidential informant.

Accordingly, it is hereby

**ORDERED:**

Petitioner Leotis Williams's Motion for Discovery (Doc. 16) is **DENIED WITHOUT PREJUDICE** to Petitioner obtaining discovery if the Court decides that an evidentiary hearing is warranted.

**DONE AND ORDERED** at Jacksonville, Florida this 26th day of October, 2016.

                                                    *James R. Klindt*
                                                    JAMES R. KLINDT
                                                    United States Magistrate Judge

Lc 19

Copies:

Counsel of record
Pro se petitioner