**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LEOTIS WILLIAMS,

    Petitioner,

vs.    Case No.:   3:14-cv-1279-J-34JRK
                                                                  3:13-cr-006-J-34JRK

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This case is before the Court on Petitioner Leotis Williams's "Motion for Reconsideration Pursuant to Rule 60(b) and 60(b)(3) Catch-All, and Good Cause Under Rule 6 for Discovery Information." (Civ. Doc. 22, Motion for Reconsideration). Petitioner appears to be moving the Court to reconsider its previous Order denying a motion for discovery. (See Civ. Doc. 16, Motion for Discovery; Civ. Doc. 21, Order Denying Motion for Discovery).

In the previous Motion for Discovery, Petitioner sought records of a March 2013 arrest report and arrest warrants pertaining to Alvin Williams, a confidential informant who testified against him at trial. Petitioner insisted that such records existed, that the prosecution's failure to disclose them at trial amounted to a Brady[1] violation, and that counsel's failure to obtain them amounted to ineffective assistance. The Court denied the Motion for Discovery for lack of good cause. (Civ. Doc. 21). Among other things, the Court explained that these discovery matters were explored during an hour-long post-trial

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

1

conference in the underlying criminal case, at which it was concluded that Petitioner's trial counsel had demanded – and received – all documents the government had in its possession pertaining to the confidential informant. (Id. at 2-3). In the Motion for Reconsideration, Petitioner now points to other portions of the trial transcript that he thinks support his contention that the government or his trial counsel, Charles Truncale, possessed records of Alvin Williams's 2013 arrest report or arrest warrants. (See Civ. Doc. 22 at 3-4, 6-7).

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons … (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party … [and] (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(3), (b)(6).

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." United States v. Edler, Case No. 13-60168-CR, 2013 WL 4543695, at *1 (S.D. Fla. Aug. 27, 2013) (quoting Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002)). "The three primary grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." Fenello v. Bank of Am., N.A., 577 F. App'x 899, 903 n.7 (11th Cir. 2014) (quoting Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC, 597 F.3d 1374, 1383 (Fed. Cir. 2010)). Importantly, "[a] motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (quotations omitted).

Williams's Motion for Reconsideration seeks to re-litigate the Motion for Discovery, or seeks to rely on portions of the trial transcript that he could have presented before the Court entered an order on the Motion for Discovery.  As such, relief under Rule 60(b) is not proper.  The Court reminds Petitioner, however, that the Court has yet to rule on the merits of his claims.  Thus, if the Court reviews his § 2255 motion and determines that an evidentiary hearing is necessary, discovery may become appropriate at that time.

Accordingly, it is hereby

**ORDERED:**

Petitioner's "Motion for Reconsideration Pursuant to Rule 60(b) and 60(b)(3) Catch-All, and Good Cause Under Rule 6 for Discovery Information" (Civ. Doc. 22) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 12th day of January, 2017.

                                                                     JAMES R. KLINDT
                                                                   United States Magistrate Judge

Copies:

Pro se petitioner
Counsel of record